UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KELLY CHRISTINE WASHINGTON, et al.,

    Plaintiff(s),

v.

WESTLAND LIBERTY VILLAGE LLC, et al.,

    Defendant(s).

Case No. 2:22-cv-01017-JAD-NJK

**REPORT AND RECOMMENDATION**

On June 29, 2022, the Court ordered Plaintiffs to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Docket No. 3.[1] The deadline to respond was set for July 14, 2022. *Id.* No response has been filed.

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Plaintiffs' complaint addresses a landlord-tenant dispute from which Plaintiffs attempt to bring a claim pursuant to 42 U.S.C. § 1983 for alleged constitutional violations. *See, e.g.*, Docket

---

[1] As Plaintiffs are proceeding *pro se*, the Court construes their filings liberally. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

No. 1-1 at 4.  Such a claim is proper only when the defendants acted under the color of state law (*i.e.*, when the defendants are "state actors"). *West v. Atkins*, 487 U.S. 42, 48-50 (1988).  Plaintiffs' complaint does not allege that defendants are state actors, nor does it appear that there would be a basis for making that allegation since Plaintiffs are suing the company from which they rent and its employees.  Hence, the complaint does not state a claim under § 1983 and no showing has been made that federal question jurisdiction is otherwise present in this matter.[2]

As Plaintiffs and some Defendants are Nevada residents, *e.g.*, Docket No. 1-1 at 2, diversity jurisdiction is also lacking, *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (requiring "complete diversity").

Accordingly, the undersigned **RECOMMENDS** that this case be dismissed for lack of subject matter jurisdiction.

Dated: July 19, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[2] Although the complaint references the Fair Housing Act, Docket No. 1-1 at 7, mere reference to a federal law does not establish federal question jurisdiction, *e.g.*, *Edwards v. BQ Resorts, LLC*, 2016 WL 6905378, at *2 (D. Nev. Nov. 23, 2016) (Dorsey, J.).